# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sandra Brossart,                                                Civil No. 11-786 (DWF/JJK)

          Plaintiff,
                                                     **MEMORANDUM**
v.                                                                       **OPINION AND ORDER**

DIRECTTV,

          Defendant.

_____

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., counsel for Plaintiff.

Seth J. S. Leventhal, Esq., Leventhal pllc, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Strike Affirmative Defenses (Doc. No. 5) brought by Plaintiff Sandra Brossart. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

In her Complaint, Plaintiff asserts a single count under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, based on the allegation that Defendant DIRECTTV requested and accessed a copy of Plaintiff's credit report without a permissible purpose. Defendant answered Plaintiff's Complaint and asserted seventeen

separate affirmative defenses.[1]  Plaintiff now moves to strike all asserted affirmative defenses as insufficient, redundant, immaterial, and/or impertinent.

## DISCUSSION

Plaintiff moves to dismiss all of Defendant's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) provides that the Court may, on its own or on motion made by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. R. 12(f).  A district court enjoys "liberal discretion" under this rule.  *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  However, striking a party's pleadings "is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and infrequently granted."  *Id.*  "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A *Moore's Federal Practice* ¶ 12.21 at 2437 (2d ed. 1975)).

Plaintiff asserts that the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) should also apply to affirmative defenses and argues that several of the affirmative defenses fail to allege sufficient facts to state a claim upon which relief can be granted.  Plaintiff acknowledges

---

[1]  Defendant asserts the following affirmative defenses:  Failure to State a Claim, Estoppel, Laches, Unclean Hands, Failure to Mitigate, Preemption, Waiver, Contribution, Lack of Malice, Statute of Limitations, Fault of Others, Intervening Acts, Several Liability, Choice of Law, Punitive Damages, Privilege, and Innocent Mistake/Bona Fide Error.  (Doc. No. 4.)

that no circuit court has yet ruled that *Twombly* and *Iqbal* apply to affirmative defenses, but asserts that there is a split in this District concerning the application of the plausibility standard to Rule 12(f). *Compare Schlief v. Nu-Source, Inc.*, Civil No. 10-4477, 2011 WL 1560672 (D. Minn. Apr. 25, 2011) *with Ahle v. Veracity Research Co.*, No. 09-cv-0042, 2010 WL 3463513 (D. Minn. Aug. 25, 2010). Plaintiff asserts that all seventeen affirmative defenses should be stricken because they are inapplicable to the case or are boilerplate defenses for which Defendant has not provided a factual basis. Plaintiff further asserts that the affirmative defenses impede her ability to tailor discovery and motion practice in this case.

In addition, Plaintiff argues the following: (1) Defendant's sixth affirmative defense (Preemption) fails because there are no state-law claims and Defendant fails to provide any support for the notion that Plaintiff's federal claim is preempted by some other federal statute; (2) Defendant's tenth affirmative defense (Statute of Limitations) fails because Plaintiff's pleading occurred within the applicable statute; (3) Defendant's fourteenth affirmative defense (Choice of Law) fails because Plaintiff's cause of action is based on the alleged violation of a federal statute, and therefore federal law governs; (4) Defendant's fifteenth affirmative defense (Punitive Damages) fails because Plaintiff's cause of action is governed by the FCRA, under which punitive damages are available for willful conduct; and (5) Defendant's seventeenth affirmative defense (Innocent Mistake/ Bona Fide Error) fails because there is no such defense available in FCRA cases.

Defendant argues that each of its affirmative defenses is factually possible and therefore Plaintiff's motion should be denied in its entirety. In the alternative, Defendant seeks leave to file an amended answer should the Court grant Plaintiff's motion to strike.

The Court concludes, as it did previously in *Schlief*, that the pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses. As explained in *Schlief*, the language in Fed. R. Civ. P. 8(a) that provided the basis for those Supreme Court decisions does not appear in Rule 8(b) or 8(c), which govern defenses. *Schlief*, 2011 WL 1560672, at *9 (citing *Wells Fargo & Co. v. United States*, 09-CV-2764, 2010 WL 4530158, at *2 (D. Minn. Oct. 27, 2010)). In addition, the Court notes again that a defendant typically has only 21 days in which to serve an answer to a complaint and is therefore in a much different position from that of a plaintiff. *See id.* Thus, application of *Twombly* and *Iqbal* to affirmative defenses would significantly change federal civil practice and would likely increase the burden on the federal courts. *See id.*

The Court therefore denies Plaintiff's motion to strike as it applies to Defendant's first, second, third, fourth, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and sixteenth affirmative defenses. In support of her motion, Plaintiff argues that these affirmative defenses are boilerplate and lack factual support. Because *Twombly* and *Iqbal* do not apply to affirmative defenses, the determination of the factual sufficiency of these defenses is premature.

The Court concludes, however, that Defendant's sixth (Preemption), fourteenth (Choice of Law), fifteenth (Punitive Damages), and seventeenth (Innocent Mistake/Bona

4

Fide Error) affirmative defenses are either insufficient as a matter of law or immaterial and therefore grants Plaintiff's motion as to these defenses without prejudice.[2]

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. [5]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

 a. Plaintiff's motion to strike Defendant's first, second, third, fourth, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and sixteenth affirmative defenses is **DENIED**;

 b. Plaintiff's motion to strike Defendant's sixth, fourteenth, fifteenth, and seventeenth affirmative defenses is **GRANTED**;

 c. Defendant's sixth, fourteenth, fifteenth, and seventeenth affirmative defenses are **DISMISSED WITHOUT PREJUDICE**.

Dated: November 4 2011         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge

---

[2] In reaching its decision, the Court is not commenting on the ultimate strength or viability of Defendant's numerous affirmative defenses. The Court acknowledges that it may need to address the viability of Defendant's remaining affirmative defenses at summary judgment or as an evidentiary or pretrial issue.